

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2005

# Gagliardi v. Lee

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2655

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Gagliardi v. Lee" (2005). *2005 Decisions.* Paper 221.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/221

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2655
_____

JOHN GAGLIARDI,
Appellant

v.

HON. DONALD J. LEE;
HON. ROBERT J. CINDRICH;
HON. DONALD E. ZIEGLER;
HON. GARY L. LANCASTER,
District Judges, in their personal;
and official capacities

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 02-cv-01126)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
October 14, 2005

Before: RENDELL, AMBRO and FUENTES, <u>Circuit Judges</u>

(Filed: November 16, 2005)
_____

OPINION
_____

PER CURIAM

John Gagliardi appeals the District Court's order granting the defendants' motions

to dismiss his amended complaint against four District Court judges in the Western District of Pennsylvania. For the following reasons we will affirm.[1]

Of the claims Gagliardi presented in his amended complaint, only those against Judge Cindrich arising out of his tenure as the United States Attorney for the Western District of Pennsylvania remain.[2] According to Gagliardi, Judge Cindrich took various improper actions against him in retaliation for his whistle blower activities concerning AT&T in the late 1970s. Gagliardi states that Cindrich met him to examine evidence of AT&T fraud, but left without taking any of the evidence. Cindrich then dispatched an AUSA to inspect further evidence, but he also refused to take copies of documents offered by Gagliardi. Rather than investigate AT&T, Cindrich enlisted the assistance of the FBI in implicating Gagliardi, along with most of the elected government of West Mifflin Borough, in Hobbs Act violations. As part of this process, AUSA Lindsay approved the use of electronic surveillance against Gagliardi, the FBI attempted to entrap Gagliardi, and Gagliardi was labeled "subject of an investigation." Gagliardi also alleges that Cindrich conspired against him with attorneys representing AT&T for pecuniary gain

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. Storey v. Burns Intern. Sec. Servs., 390 F.3d 760 (3d Cir. 2004).

[2] In his complaint, Gagliardi also sought declaratory and injunctive relief against all four defendants. On appeal, Gagliardi agrees with the District Court that the retirement of Judges Lee, Ziegler and Cindrich rendered his request for declaratory and injunctive relief moot. He also drops his claims against Judge Lancaster due to Judge Lancaster's "practice of voluntary disqualification . . . in a subsequent action." Br. at 2. Therefore, we will not address those claims further.

2

and objected when the FBI's counsel recommended that Gagliardi not be prosecuted. Gagliardi was never indicted and maintains that he did not learn of the investigation until 2002. He seeks damages for alleged violations of his civil and constitutional rights.

The District Court granted the motion to dismiss. The Court explained that to the extent Gagliardi complains of Cindrich's performance of his quasi-judicial role, he enjoys absolute immunity, but to the extent that Gagliardi complains of investigatory activities which fall outside his quasi-judicial role, Cindrich enjoys only qualified immunity. The Court concluded that even if Cindrich's actions did not qualify as quasi-judicial, he has qualified immunity because the facts alleged by Gagliardi do not describe violations of clearly established statutory or constitutional rights.

We agree. As we explained in Forsyth v. Kleindienst, 599 F.2d 1203, 1215-1216 (3d Cir. 1979), a prosecutor is entitled to absolute immunity from suit challenging an investigation undertaken to determine whether to initiate a criminal prosecution. The bulk of the facts alleged by Gagliardi amount to no more than the allegation that Cindrich conducted an investigation against Gagliardi – an investigation so unobtrusive that Gagliardi was unaware of it until twenty years after the fact – to determine whether to prosecute him, only to follow the advice of the FBI not to do so. This is precisely the sort of investigation deemed protected by absolute immunity in Forsyth.

Some of Gagliardi's other allegations, notably those concerning nefarious conspiracies with AT&T attorneys, may fall outside the scope of absolute immunity but

are too vague and conclusory to survive a motion to dismiss. See Harris v. Roderick, 126 F.3d 1189, 1195 (9th Cir. 1997) ("plaintiffs alleging a conspiracy to deprive them of their constitutional rights must include in their complaint nonconclusory allegations containing evidence of unlawful intent or face dismissal prior to the taking of discovery"). Because there is no merit in Gagliardi's remaining contentions, we will affirm the judgment of the District Court. The motion to recuse is denied as moot.